**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN W. DELANEY, III,** | : No. 3:14cv2365 |
| **Plaintiff** | : |
| | :(Judge Munley) |
| **v.** | : |
| | : |
| **AMERICAN ALTERNATIVE INSURANCE** | : |
| **CORPORATION, Individually and t/a and** | : |
| **d/b/a AMERICAN ALTERNATIVE** | : |
| **INSURANCE COMPANY a/k/a AAIC,** | : |
| **Defendants** | : |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is the plaintiff's motion to stay the instant proceedings. The motion has been fully briefed and is ripe for disposition.

**Background[1]**

Plaintiff is employed as a police officer for West Pittston Borough, Pennsylvania. (Doc. 2, Complaint ¶ 9). A car struck and seriously injured plaintiff in a Turkey Hill convenience store (hereinafter "Turkey Hill") parking lot on November 25, 2012. (Id. ¶ 13). At the time of the accident, plaintiff's police cruiser was in the parking lot, and plaintiff was "vehicle oriented", although evidently he was outside of the automobile. (Id.) The

---

[1]We have derived these background facts from the plaintiff's complaint and make no determination as to the veracity of the facts at this time. The defendant does not necessarily agree with all of these facts.

vehicle that struck him was owned by David Brague and operated by Lisa Ostrander.  (Id. ¶ 14).  The accident occurred as Ostrander parked her car in front of the convenience store and confused the gas pedal for the brake pedal.  She accelerated over the sidewalk area in front of the store and struck plaintiff.  (Id. ¶ 15).  At the time, plaintiff was on his way back to his vehicle, which had its engine running and headlights on.  (Id.)

Plaintiff has settled claims with the vehicle driver and the vehicle owner.  Additionally in state court, plaintiff has filed suit against Turkey Hill and its owners.

The instant defendants insured the police cruiser that plaintiff was using on the day of the accident.  (Id. ¶ 10).   They allegedly provided one million dollars worth of underinsured motorist (hereinafter "UIM") benefits.  (Id. ¶ 11).

Plaintiff instituted the instant action in the Luzerne County Pennsylvania Court of Common Pleas.  He seeks to recover UIM benefits from the defendants.  (Id. ¶¶ 28-38).  Defendants removed the lawsuit to this court on December 13, 2014.  (Doc. 1, Notice of Removal).  On December 17, 2014, the plaintiff filed the instant motion to stay.  (Doc. 3).  The motion has been fully briefed and is ripe for disposition.

**Jurisdiction**

Defendant's notice of removal asserts diversity jurisdiction.  Cases are properly brought in federal district court under the diversity statute when the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, in excess of $75,000.00.  See 28 U.S.C. § 1332(a).

**Legal Standard**

Plaintiff moves to stay the instant litigation.  "The power to stay is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication."  U.S. v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994).  A "stay" is an extraordinary measure that should be granted upon a showing of compelling reasons for its issuance.  Id.

**Discussion**

In the instant case, the plaintiff argues that a stay is appropriate because he has a lawsuit pending against Turkey Hill and its owners.  The amount of damages, if any, that he receives from that lawsuit could affect the amount of money that the defendants owe in UIM benefits. Additionally, plaintiff evidently filed the lawsuit against the defendants at this time for statute of limitations reasons because the limitations period

found in the subject insurance policy is unclear.  Importantly, plaintiff also attests that he may not even pursue UIM benefits against the defendants depending on the resolution of the state court cause of action.

Defendant's position is that a stay creates a tactical disadvantage because they are entitled to an early dismissal.  Additionally, they argue that the stay will not simplify the issue, which is whether plaintiff is insured under the policy.

After a careful review, we will grant the plaintiff's motion for a stay. Defendants will not be prejudiced by the stay, and we accept plaintiff's assertion that he may never in fact pursue UIM benefits from defendants depending on the resolution of the state court lawsuit against Turkey Hill and its owners.  Thus, the stay serves the purposes of judicial economy and may ultimately benefit all parties involved.  An appropriate order follows.


**Date: Feb. 26, 2015**          **s/ James M. Munley**
                                 **Judge James M. Munley**
                                 **UNITED STATES DISTRICT COURT**

4